# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> WORD SMART CORPORATION, a California corporation also doing business as WS LEARNING CENTER; DAVID A. KAY, individually and as the President and CEO of WORDSMART CORPORATION, <br><br> Defendant. | Case No.14cv2348 AJB (RBB) <br><br> ORDER GRANTING STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT |

    Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Prevention Action ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, as amended, to obtain temporary, preliminary, and permanent injunctive relief, rescission or reformation of contracts, restitution, the refund of monies paid, disgorgement of ill-gotten monies, and other relief for Defendants' deceptive and abusive practices in marketing goods and services to

consumers throughout the United States in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's "Telemarketing Sales Rule" ("TSR"), 16 C.F.R. Part 310.

    The Commission and Defendants have agreed to the entry of this Stipulated Final Judgment and Order for Permanent Injunction and Monetary Judgment ("Order") by this Court to resolve all matters in dispute in this action between them.

    NOW, THEREFORE, Plaintiff FTC and Defendants, through their respective counsel, having filed a joint motion requesting the Court to enter this Order.

    IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## I.  FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint alleges that Defendants participated in deceptive acts or practices in violation of Section 5 of the FTC act, 15 U.S.C. § 45, and have initiated, or caused others to initiate, numerous outbound telephone calls that violate the TSR, 16 C.F.R. Part 310.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order. Defendants further waive and release any claim they may have against the FTC or its employees, agents, and representatives arising out of this action and under the terms of this Order.

6. Entry of this Order is in the public interest.

## II.  DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. "Competent and Reliable Scientific Evidence" means tests, analyses, research, or studies that have been conducted and evaluated in an objective manner by qualified Persons, that are generally accepted in the profession to yield accurate and reliable results, and that are sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that a representation is true.

2. "Corporate Defendant" means WordSmart Corporation, also d/b/a WS Learning Center, and its successors and assigns.

3. "Defendant" or "Defendants" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

4. "Established Business Relationship" means a relationship between a seller and a Person based on: (a) the Person's purchase, rental, or lease of the seller's goods or services or a financial transaction between the seller and Person, within the eighteen months immediately preceding the date of the Telemarketing call; or (b) the Person's inquiry or application regarding a good or service offered by the seller, within the three months immediately preceding the date of a Telemarketing call.

5. "Individual Defendant" means David A. Kay.

6. "National Do Not Call Registry" means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

7. "Outbound Telephone Call" means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

8. "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

9. "Plaintiff" means the Federal Trade Commission.

1    10.    "Representative" means Defendants' officers, agents, servants, employees, attorneys, and all other Persons in active concert or participation with any of them, who receives actual notice of this Order by personal service or otherwise.

11.    "Telemarketer" means any Person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor.

12.    "Telemarketing" means any plan, program, or campaign which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones, and which involves a telephone call, whether or not covered by the TSR.

ORDER

III.    PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendants and their Representatives, whether acting directly or indirectly, in connection with the manufacturing, advertising, marketing, promotion, offering for sale, sale, or distribution of any goods or services, are permanently restrained and enjoined from:

A.    Making, or assisting others in making, in any manner, expressly or by implication, including through the use of a product name, endorsement, depiction, trademark, or illustration, any representation about the benefits, performance, or efficacy of any goods or services for teaching vocabulary or reading comprehension, or enhancing language ability, cognitive ability, reading speed, income potential, test scores, college options, or school performance, including, but not limited to, that:

1.    Consumers who use Defendants' goods or services will learn faster;

2.    Consumers who use Defendants' goods or services will score higher in school and on tests;

3.    Consumers who use Defendants' goods or services will learn words faster;

4.    Consumers who use Defendants' speed reading program will improve their reading speed, while improving comprehension;

   5. Consumers who use Defendants' goods or services will be able to identify the meaning of any word they come across;

   6. Consumers who use Defendants' goods or services will improve their letter grades, SAT scores, ACT scores, GRE and GMAT scores, and IQ scores; or

   7. Consumers who use Defendants' goods or services will perform better in school, on standardized tests, or in other areas of life;

unless the representation is true, not misleading, and, at the time it is made, Defendants possess and rely upon Competent and Reliable Scientific Evidence that substantiates the representation;

  B. Making, or assisting others in making, in any manner, expressly or by implication, including through the use of a product name, endorsement, depiction, trademark, or illustration, any representation not covered by Subsection A above about the benefits, performance, or efficacy of any goods or services unless the representation is true, not misleading, and, at the time it is made, Defendants possess and rely upon competent and reliable evidence, which when appropriate must be Competent and Reliable Scientific Evidence, that substantiates the representation; and

  C. Misrepresenting, or assisting others in misrepresenting, in any manner, expressly or by implication, including through the use of a product name, endorsement, depiction, trademark, or illustration:

   1. That the child or children of a consumer expressed an interest in Defendants' goods or services;

   2. That Defendants have an affiliation with the administrators of a standardized test or a school attended by a consumer's child;

   3. Any material aspect of the nature or terms of Defendants' refund, cancellation, exchange, or repurchase policies, including but not limited to any money-back policy or guarantee; or

   4. Any other material fact concerning Defendants' goods or services, including but not limited to the total costs; any material restrictions, limitations, or

conditions; or any material aspect of their benefits, performance, efficacy, nature, or central characteristics.

## IV. PROHIBITIONS REGARDING TELEMARKETING

IT IS FURTHER ORDERED that, in connection with Telemarketing, Defendants and their Representatives, whether acting directly or indirectly, are permanently restrained and enjoined from engaging in, causing others to engage in, or assisting others engaging in, any of the following practices:

A. Initiating any Outbound Telephone Call to any Person at a telephone number on the National Do Not Call Registry, unless Defendants prove that:

   1. Defendants have obtained the express agreement, in writing, of such Person to place calls to that Person. Such written agreement shall clearly evidence such Person's authorization that calls made by or on behalf of Defendants may be placed to that Person, and shall include the telephone number to which the calls may be placed and the signature of that Person; or

   2. Defendants have an Established Business Relationship with such Person, and that Person has not previously stated that he or she does not wish to receive Outbound Telephone Calls made by or on behalf of Defendants;

B. Initiating any Outbound Telephone Call to a Person when that Person has previously stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf of Defendants;

C. Abandoning, or causing others to abandon, any Outbound Telephone Call to a Person by failing to connect the call to a live operator within two seconds of the Person's completed greeting, unless Defendants or their Representatives prove that the following four conditions are met:

   1. Defendants or their Representatives employ technology that ensures abandonment of no more than three percent of all calls answered by a Person, measured over the duration of a single calling campaign, if less than thirty days, or separately over each successive 30-day period or portion thereof that the campaign continues;

2.     Defendants or their Representatives, for each Telemarketing call placed, allow the telephone to ring for at least fifteen seconds or four rings before disconnecting an unanswered call;

3.     Whenever a live operator is not available to speak with the Person answering the call within two seconds after the Person's completed greeting, Defendants or their Representatives promptly play a recorded message that states Defendants' name and telephone number; and

4.     Defendants or their Representatives retain records establishing compliance with the preceding three conditions.

V.     **PROHIBITION ON COLLECTING ON ACCOUNTS**

IT IS FURTHER ORDERED that Defendants and their Representatives, whether acting directly or indirectly, are hereby restrained and enjoined from attempting to collect, collecting, or assigning any right to collect payment from any consumer who purchased or agreed to purchase any good or service from any Defendant prior to entry of this Order.

VI.    **MONETARY JUDGMENT AND PARTIAL SUSPENSION**

IT IS FURTHER ORDERED that:

A.     Judgment in the amount of Eighteen Million Seven Hundred Thousand Dollars ($18,700,000) is entered in favor of the Commission against the Individual Defendant and the Corporate Defendant, each jointly and severally, as equitable monetary relief.

B.     Defendants are ordered to pay to the Commission One Hundred Forty-Seven Thousand and Four Hundred Dollars ($147,400), which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission. Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C. The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. The Financial Statement of Individual Defendant David A. Kay signed on January 7, 2014, including the attachments;

2. The Financial Statement of Corporate Defendant WordSmart Corporation signed by David A. Kay, President of WordSmart Corporation on December 18, 2013, including the attachments;

3. The additional documentation submitted by e-mail from Defendants' counsel Helen Mac Murray to Commission counsel Kathleen Daffan and Danielle Estrada dated November 8, 2013, attaching Corporate Defendant WordSmart Corporation's Combined Financial Statements for the period ending December 31, 2012;

4. The documentation submitted by file transfer protocol (FTP) on January 21, 2014, February 18, 2014, March 12, 2014, and April 1, 2014 from Defendants' counsel Erica Sherrick to Commission counsel Kathleen Daffan and Danielle Estrada;

5. The additional documentation submitted by e-mail from Defendants' counsel Erica Sherrick to Commission counsel Kathleen Daffan and Danielle Estrada dated March 4, 2014, March 11, 2014, March 13, 2014, March 21, 2014, March 26, 2014, March 27, 2014, March 31, 2014, April 5, 2014, April 15, 2014, April 18, 2014, April 28, 2014, May 9, 2014, May 27, 2014, and May 28, 2014; and

6. The additional documentation submitted by e-mail from Defendants' counsel Helen Mac Murray to Commission counsel Kathleen Daffan and Danielle Estrada dated April 8, 2014, April 9, 2014, April 13, 2014, and May 22, 2014.

D. The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that the Defendant failed to disclose any

material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E. If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above, which the parties stipulate only for purposes of this Section represents the consumer injury and unjust enrichment alleged in the Complaint, less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

VII.   ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A. Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C. The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D. Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which they previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to

consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

F. If any Defendant is in default on any obligations under this Section, then the judgment amount, minus any payments previously made pursuant to this Section, becomes immediately due. A further ten-day grace period or other such concession concerning default is unlikely to be warranted.

G. If any Defendant fails to pay fully the amount due at the time specified, Defendants must cooperate fully with the Commission and their representatives in all attempts to collect the judgment. In such an event, Defendants agree to provide federal and state tax returns for the preceding 2 years, and to complete new financial disclosure forms fully and accurately within 10 business days of receiving a request from the Commission. Defendants further authorize the Commission to verify all information provided on their financial disclosure forms with all appropriate third parties, including financial institutions.

H. The Commission may request any tax-related information, including amended tax returns and any other filings, that Defendants have the authority to release. Within 14 days of receipt of a written request from a representative of the Commission, Defendants must take all necessary steps (such as filing a completed IRS Form 4506 or 8821) to cause the Internal Revenue Service or other tax authority to provide the information directly to the Commission.

VIII. CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants and their Representatives are permanently restrained and enjoined from directly or indirectly:

1    A.    Failing to provide sufficient customer information to enable the Commission
2 to efficiently administer consumer redress. If a representative of the Commission requests
3 in writing any information related to redress, Defendants must provide it, in the form
4 prescribed by the Commission, within 14 days; and
5    B.    Disclosing, using, or benefitting from customer information, including the
6 name, address, telephone number, email address, social security number, other identify-
7 ing information, or any data that enables access to a customer's account (including a
8 credit card, bank account, or other financial account), that any Defendant obtained prior
9 to entry of this Order in connection with the manufacturing, advertising, marketing,
10 promotion, offering for sale, sale, or distribution of any of Defendants' goods or services.
11    IX.    COOPERATION
12    IT IS FURTHER ORDERED that Defendants must fully cooperate with represen-
13 tatives of the Commission in this case and in any investigation related to or associated
14 with the transactions or the occurrences that are the subject of the Complaint. Defendants
15 must provide truthful and complete information, evidence, and testimony. Individual
16 Defendant must appear and Corporate Defendant must cause its officers, employees,
17 representatives, or agents to appear for interviews, discovery, hearings, trials, and any
18 other proceedings that a Commission representative may reasonably request upon 5 days
19 written notice, or other reasonable notice, at such places and times as a Commission
20 representative may designate, without the service of a subpoena.
21    X.    ORDER ACKNOWLEDGMENTS
22    IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt
23 of this Order:
24    A.    Each Defendant, within 7 days of entry of this Order, must submit to the
25 Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.
26    B.    For 15 years after entry of this Order, Individual Defendant, for any business
27 that he, individually or collectively with Defendant, is the majority owner or directly or
28 indirectly controls, and Corporate Defendant must each deliver a copy of this Order to:

(1) all principals, officers, directors, and LLC managers and members; (2) all employees, agents, and representatives who participate in the conduct specified in Sections III-V; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

  C. From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

  XI. COMPLIANCE REPORTING

  IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

  A. One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

   1. Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of manufacturing, advertising, marketing, promotion, offering for sale, sale, and distribution, and the involvement of any other Defendant (which Individual Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

   2. Additionally, Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences;

(b) identify all business activities, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest; and (c) describe in detail his involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 15 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which he performs services whether as an employee or otherwise and any entity in which he has any ownership interest, and identify the name, physical address, and Internet address, if any, of the business or entity.

C. Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DE-

brief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. WordSmart Corporation.

## XII. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 15 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant in connection with its Telemarketing and/or its manufacturing, advertising, marketing, promotion, offering for sale, sale, or distribution of goods or services; and Individual Defendant for any business in which he, individually or collectively with any other Defendant, is a majority owner or directly or indirectly controls, must create and retain the following records:

    A.    Accounting records showing the revenues from all goods or services sold;

    B.    Personnel records showing, for each Person providing services, whether as an employee or otherwise, that Person's: name; addresses; telephone numbers; job title or position; dates of service; and, if applicable, the reason for termination;

    C.    Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

    D.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

    E.    A copy of each unique advertisement or other marketing material.

## XIII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

    A.    Within 14 days of receipt of a written request from a representative of the Commission each Defendant must: submit additional compliance reports or other

requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.  For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendants must permit representatives of the Commission to interview any employee or other Person affiliated with any Defendant who has agreed to such an interview. The Person interviewed may have counsel present.

C.  The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

XIV.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED:  October 6, 2014

Hon. Anthony J. Battaglia
U.S. District Judge